UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-60257-CIV-UNGARO
Magistrate O'Sullivan

EDWINA WILLIAMS

    Plaintiff,

v.

NATIONAL TRAVEL SERVICES, INC.,
PLAZA RESORTS, INC. d/b/a RAMADA
PLAZA RESORTS ORLANDO/
FT. LAUDERDALE VACATIONS,
RESORTS MARKETING HOLDINGS, INC.,
PINNACLE RESORTS HOLDING, INC.,
CONSOLIDATED TRAVEL HOLDINGS,
GROUP, INC., DANIEL LAMBERT, and
JAMES VERRILO,

    Defendants.

_____/

**DEFENDANTS' NATIONAL TRAVEL SERVICES, INC., PLAZA RESORTS, INC., RESORTS MARKETING HOLDINGS, INC., PINNACLE RESORTS HOLDING, INC., CONSOLIDATED TRAVEL HOLDINGS, GROUP, INC., DANIEL LAMBERT, and JAMES VERRILO**
<u>**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES**</u>

    Defendants, NATIONAL TRAVEL SERVICES, INC., PLAZA RESORTS, INC., RESORTS MARKETING HOLDINGS, INC., PINNACLE RESORTS HOLDING, INC., CONSOLIDATED TRAVEL HOLDINGS, GROUP, INC., DANIEL LAMBERT, and JAMES VERRILO, ("Defendants") by the undersigned counsel, file this answer, defenses and affirmative defenses to Plaintiff's Complaint (the "complaint") as follows:

# ANSWER[1]

## PRELIMINARY STATEMENT

1. Defendants admit that the Complaint purports to be an action for damages and injunctive relief under the various theories of action enumerated in paragraph 1 of the Complaint. Defendants deny that Plaintiff is entitled to the relief she seeks.

## JURISDICTION

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 3 of the Complaint and, therefore, deny the allegations.

4. Defendants deny the allegations in paragraph 4 of the Complaint, except that Defendants admit that Defendant, National Travel Services, Inc., ("NTS") is a Nevada corporation with its principal place of business at 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308.

5. Defendants deny the allegations in paragraph 5 of the Complaint, except that Defendants admit that Defendant, Plaza Resorts, Inc. does business as Ramada Plaza Resorts Orlando/Ft. Lauderdale Vacations ("RPR") and is a Florida corporation with its principal place of business at 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308.

6. Defendants deny the allegations in paragraph 6 of the Complaint, except that Defendants admit that Defendant, Resort Marketing Holdings, Inc. ("RMH") is a Florida

---

[1] Defendants deny each and every allegation, matter, statement and thing contained in the complaint except as may be hereinafter admitted, qualified or otherwise explained.

corporation with its principal place of business at: 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308. Defendants also admit that RMH is a holding company.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except that Defendants admit that Defendant, Pinnacle Resorts Holding, Inc. ("PRH") is a Florida corporation with its principal place of business at: 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308; and that PRH is a holding company.

8. Defendants deny the allegations in paragraph 8 of the Complaint, except that Defendants admit that Defendant, Consolidated Travel Holdings Group, Inc. ("CTH") is a Florida corporation with its principal place of business at: 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308. Defendants also admit that CTH is a holding company. Defendants deny the remaining allegations of this paragraph.

9. Defendants deny the allegations in paragraph 9 of the Complaint, including and Plaintiff's characterization of NTS, RPR, RMH, PRM, and CTH as related companies, except that Defendants admit that the registered agent for NTS, RPR, RMH, PRM, and CTH is Gregory J. Blodig, Esq., and that the principal place of business for NTS, RPR, RMH, PRM, and CTH is: 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308.

10. Defendants deny the allegations in paragraph 10 of the Complaint, Defendants admit that Daniel Lambert is a resident of Florida and that he is one of the officers and one of the directors of NTS, RPR, RMH, PRM, and CTH.

11. Defendants deny the allegations in paragraph 11 of the Complaint, Defendants admit that James Verrillo is a resident of Florida and that he is one of the officers and one of the directors of NTS, RPR, RMH, PRM, and CTH.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

CASE NO: 07-60257-CIV-UNGARO
Defendants' Answer and Affirmative Defenses

## FACTUAL ALLEGATIONS

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

## CLASS RESPRESENTATION ALLEGATIONS

18. Defendants deny the allegations in paragraph 18 of the Complaint, except that Plaintiff purports to bring this action on behalf of herself and all other persons similarly situated ("the Class and Subclass"), pursuant to Fed. R. Civ. P. 23.

19. Defendants deny the allegations in paragraph 19 and each sub-paragraph (sub-class) of paragraph 19 in the Complaint.

20. Defendants deny the allegations in paragraph 20 and each sub-paragraph of paragraph 20 in the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 and each sub-paragraph of paragraph 24 in the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

## FIRST CAUSE OF ACTION

26. In response to paragraph 26 of the Complaint, Defendants adopt and reallege the responses to the paragraphs enumerated therein.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

## SECOND CAUSE OF ACTION

30. In response to paragraph 30 of the Complaint, Defendants adopt and reallege the responses to the paragraphs enumerated therein.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

## THIRD CAUSE OF ACTION

34. In response to paragraph 34 of the Complaint, Defendants adopt and reallege the responses to the paragraphs enumerated therein.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

## FOURTH CAUSE OF ACTION

38. In response to paragraph 38 of the Complaint, Defendants adopt and reallege the responses to the paragraphs enumerated therein.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

## REQUEST FOR RELIEF

40. In response to the Wherefore clause in paragraph 40 of the Complaint, Defendants deny that Plaintiff is entitled to any of the relief or remedies requested therein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses:

### FIRST DEFENSE

41. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Count I for the alleged failure to disclose mandatory attendance at a timeshare sales presentation under § 501.201, et. seq. and § 559.926, et. seq.

### SECOND DEFENSE

42. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Count II for the alleged failure to properly disclose or accurately represent the amount of time or period of time accommodations or facilities would be available to Plaintiff and to the members of the Class and Subclass pursuant to § 559.9335(10)(a) of the Florida Sellers of Travel Act. (the "FSTA").

### THIRD DEFENSE

43. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Count III for any alleged failure to submit and disclose the materials required for the sale of vacation certificates, as set forth in § 559.9295 of the FSTA.

### FOURTH DEFENSE

44. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Count IV for unjust enrichment.

### FIRST AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred by *res judicata*.

### SECOND AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred by collateral estoppel.

**THIRD AFFIRMATIVE DEFENSE**

47. Estoppel prohibits Plaintiff from unfairly asserting inconsistent positions. In or around May, 2004, Plaintiff received a direct mail-piece from Defendants offering her a vacation package.

48. Plaintiff responded to the mail-piece and purchased one of Defendants' vacation packages.

49. Plaintiff's vacation included a cruise to the Bahamas as well as a stay in Fort Lauderdale, Florida.

50. At the time Plaintiff purchased her vacation package, she was living in California.

51. California is a 'non-hooked' state; California residents who receive Defendants' mail-piece are not obligated to attend a timeshare presentation.

52. When Plaintiff arrived in Fort Lauderdale, she was offered the opportunity to attend a timeshare presentation.

53. Plaintiff was offered and accepted free tickets for an intercoastal dinner cruise as separate, specific compensation for her attendance at the timeshare presentation.

54. Plaintiff is estopped from alleging that she was misled about the vacation package she purchased.

55. Plaintiff had knowledge of, or reasonable ability to learn, the true facts, as set forth in part above.

56. Defendants' were not required to disclose Plaintiff's attendance at a timeshare sales presentation inasmuch as at the time she purchased the vacation package, she was not under any obligation to attend such a presentation.

57. Plaintiff attended the timeshare presentation because she was offered and accepted free tickets for an intercoastal cruise.

## FOURTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred by the doctrine of unclean hands.

59. As set forth above, the vacation package Plaintiff purchased from Defendants, did not obligate her to attend a timeshare presentation.

60. Defendants were under no obligation to disclose such attendance.

61. In fact, Plaintiff was never required to attend a timeshare presentation, but did so in exchange for free tickets for an evening cruise on the intercoastal.

62. Plaintiff had knowledge of, or reasonable ability to learn, the true facts, as set forth in part above.

63. Plaintiff cannot seek damages where she has not been harmed.

## FIFTH AFFIRMATIVE DEFENSE

64. Plaintiff affirmed and ratified, by her actions her obligation to attend a timeshare presentation in exchange for a free cruise.

## SIXTH AFFIRMATIVE DEFENSE

65. The acts and practices of which Plaintiff complains are not prohibited by federal and/or state law.

## SEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff affirmed and ratified by her actions the terms of the parties' agreement, including her agreement to attend a timeshare presentation in exchange for free cruise tickets and was bound by those terms.

## EIGHTH AFFIRMATIVE DEFENSE

67. The Florida Department of Agriculture and Consumer services has determined that Defendants' vacation package is not a vacation certificate.

### NINTH AFFIRMATIVE DEFENSE

68. The Florida Attorney General's office has reviewed Defendants' mail-pieces as to the sufficiency of Defendants' tour disclosure and has not disapproved.

### TENTH AFFIRMATIVE DEFENSE

69. The Florida Bureau of Timeshare, Department of Business and Professional Regulation, reviewed and approved Defendants' advertising material, and so have other states to whom Defendants' submitted their advertising material.

### ELEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff's and the putative classes' interests are closely aligned with a party in a prior litigation, who adequately represented their interests.

### TWELFTH AFFIRMATIVE DEFENSE

71. At all times, Defendants acted in good faith, without actual knowledge of any violation of the Florida Deceptive and Unfair Trade Practices Act.

72. The transaction, as alleged here, is not likely to deceive a consumer acting reasonably in the same circumstances.

### THIRTEENTH AFFIRMATIVE DEFENSE

73. Plaintiff seeks disgorgement on the basis of an unjust enrichment theory, claiming that she (and the putative class) paid "amounts in excess of the Value of the Vacation Packages."

74. Unjust enrichment is unavailable where there is a contract.

**WHEREFORE**, Defendants pray that this Court:

    A. Dismiss Plaintiff's complaint with prejudice and on the merits;

    B. Award Defendants costs and attorneys' fees (pursuant to statute and/or contract); and

    C. Grant Defendants such other relief as may be equitable and just.

CASE NO: 07-60257-CIV-UNGARO
Defendants' Answer and Affirmative Defenses

Respectfully submitted,

GREENSPOON MARDER, P.A.
Attorneys for Defendants
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
954.491.1120 (Telephone)
954.343.6956 (Facsimile)
richard.epstein@greenspoonmarder.com
haas.hatic@greenspoonmarder.com
rebecca.bratter@gmlaw.com


BY:   s/Richard W. Epstein
        RICHARD W. EPSTEIN
        Florida Bar No. 229091
        HAAS A. HATIC
        Florida Bar No. 843989
        REBECCA BRATTER
        Florida Bar No. 0685100


## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 16th day of May 2007, we electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, and that a copy will be served by U.S. mail on all counsel of record identified on the attached service list who are not authorized to receive electronically Notices of Electronic Filing in Southern District:


                                    s / Richard W. Epstein
                                    Richard W. Epstein


G:\DOCS\LCM\05330\0176\PLDG\25Q9698.DOC

CASE NO: 07-60257-CIV-UNGARO
Defendants' Answer and Affirmative Defenses

**SERVICE LIST**

Janet R. Varnell, Esq.
Varnell & Warwick, P.A.
20 La Grande Boulevard
The Villages, Florida  32159
jrvarnell@aol.com
Telephone: 352.753.8600
Facsimile:  352.753.8606

Andrew S. Kierstead, Esq.
Law Office of Andrew Kierstead
1001 S.W. 5th Avenue, Suite 1100
Portland, Oregon  97204
Telephone:  508.224.6246
Facsimile:   508.224.4356

Marc R. Stanley, Esq.
Roger L. Mandel, Esq.
Martin Woodward, Esq.
Stanley, Mandel & Iola, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas  75205
Telephone:  214.443.4300
Facsimile:   214.443.0358

Timothy C. Blake, Esq.
66 West Flagler Street, Suite 1000
Miami, Florida  33130-1809
Telephone: 305-373-5210
Facsimile: 305-373-4323